## Kentucky Mortgage Securities Company v. Hammond.

(Decided February 27, 1920.)

### Appeal from Simpson Circuit Court.

1. Pleading—Petition—Assumed Name—Doing Business Under—Not Necessary to Aver.—Where a person is doing business under an assumed name or style, it is not necessary that he should aver in his petition, in a contract case that he had complied with section 199b of the Kentucky Statutes.

2. Contracts—Suit for Breach—Averment That Plaintiff Was Ready, Able and Willing.—In a suit for breach of contract it is necessary to allege in terms or in substance that the plaintiff was ready, able and willing to perform his part.

P. E. DIXON and A. M. CHANEY for appellant.

JOHN S. MILLIKIN, CLARENCE EVANS and J. R. MALLORY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

Connell R. Maddux, doing business as the Kentucky Mortgage Securities Company, entered into a written contract with Hammond to secure for him a loan of $11,000.00 on land owned by Hammond. It was stipulated in the contract that Hammond should pay "the said Kentucky Mortgage Securities Company $550.00, or a sum equivalent to 5% of amount procured for me by said Kentucky Mortgage Securities Company in consideration of the work and services and expense necessary in order for the said Kentucky Mortgage Securities Company to procure said loan for me. I hereby agree to accept said loan as applied for as soon as same is procured, but if a different amount is procured I am to have the privilege of either accepting or rejecting the loan. I further agree to execute and have executed a mortgage note and other papers as required by the lender or his counsel, to take the money secured and to pay what is due hereunder. However, I am not to pay any part of the above commission unless the loan is procured for me. . . . If for any reason I refuse to accept a loan voted for the amount applied for or if after acceptance on my part of the amount voted, I should refuse to accept same or to sign or to have signed the mortgage note and other papers necessary, in such case, I agree to pay the above fee as though the loan had actually been made to me."

The Kentucky Mortgage Securities Company, claiming that it had secured the money for Hammond, and that he refused to accept it, and also refused to pay the stipulated compensation, brought this suit against him.

In the petition it was averred, among other things, "that in pursuance with the terms of the contract, he (plaintiff) procured a loan of $11,000.00, from the Columbia Life Insurance Company to this defendant, and that after procuring same, he was ready and willing and is now ready and willing to pay over to this defendant, the sum of $11,000.00, when the defendant complied with the terms of said contract. . . . Plaintiff further states that he has procured said loan of $11,000.00, and that the loan has been ready for several months; that he has repeatedly asked said defendant to execute the mortgage note and other papers and to accept said loan, but that he has failed and refused to do so and now fails and refuses to do so and that by said failure and refusal, the defendant has breached his contract."

To this petition a general demurrer was sustained, and thereupon the plaintiff filed an amended petition, in which it was averred that "in pursuance to the terms of said contract and within the time provided therein, to-wit, sixty days from the date of its execution, he procured the loan for the defendant and was ready and willing to pay over or have paid over to him the said sum of money, and so notify defendant, but as set out in his original petition the defendant refused to accept same or to comply with his contract."

To this pleading a general demurrer was also sustained, and the plaintiff declining to plead further its petition was dismissed, and it prosecuted this appeal.

In support of the ruling of the lower court counsel for Hammond argue that the petition was fatally defective, because it failed to allege that Maddux had registered in the county court clerk's office the name under which he was doing business, as required by section 199b, Kentucky Statutes.

This section of the statutes provides in substance that no person shall carry on or transact business in this state under an assumed name or under any name or style other than the real name of the individual conducting the business, unless he shall file in the office of the clerk of the county in which the business is to be transacted a certificate setting forth certain facts specified in the statute. It further provides a penalty for its violation.

We do not think, however, that it is necessary for a party doing business under an assumed name, as Maddux was, to aver in his petition that he has complied with the statute. His failure to comply with it is a defensive plea, which the defendant may or may not rely on as he pleases.

The other ground upon which it is sought to sustain the lower court is, that the petition failed to state that the securities company was able to furnish the loan to Hammond.

It is true that in a suit to recover damages for the breach of a contract like this the plaintiff should aver either in terms or in substance that he was ready, willing and able to perform his part of the contract. It is not, however, indispensable that he should in so many words aver that he was ready, able and willing to perform his part of the contract. It will be sufficient if he states in

other words the facts showing beyond a doubt that he was able, ready and willing; and this we think the petition did.

It was averred that the securities company had procured the loan of $11,000.00, and that after procuring it was ready and willing to pay the same over to Hammond when he complied with his part of the contract, but this he failed and refused to do, although frequently so requested.

We think the petition stated a good cause of action, and therefore the judgment is reversed, with directions to overrule the demurrer to the petition and amended petition.